```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

MORGAN JOHNSON,                      )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )    No. 03-2307 Ml/V
                                     )
CITY OF MEMPHIS, et al.,             )
                                     )
    Defendants.                      )
                                     )
_____

### ORDER GRANTING RENEWED MOTION OF OFFICER PICKERING TO DISMISS PURSUANT TO RULE 15
_____

Before the Court is the Renewed Motion of Officer Pickering to Dismiss Pursuant to Rule 15 and/or in the Alternative for Summary Judgment, filed January 12, 2006. Plaintiff responded in opposition on January 25, 2006. For the following reasons, Defendant Pickering's motion is GRANTED.

Defendant Pickering moves for relief under Fed. R. Civ. P. 15 and asks that he be dismissed as a defendant from the instant lawsuit. The incident which is the subject of the instant litigation occurred on May 5, 2002. The original complaint, filed May 2, 2003, alleged violations of 42 U.S.C. § 1983 and state law. The original complaint listed "ANY OTHER UNNAMED OFFICERS of the MEMPHIS POLICE DEPARTMENT" as defendants but did not name Officer Pickering. Plaintiff filed an Amended Complaint, which named Officer Pickering as a defendant, on June

26, 2003.

    Defendant Pickering contends that the Amended Complaint which first named him as a defendant was filed outside of section 1983's and the state law claims' one-year statute of limitations and does not relate back to the original complaint. The statute of limitations governing section 1983 actions is one year. T.C.A. § 28-3-104(a)(3); <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 398 (6th Cir. 1997). Plaintiff's state law claims also are governed by a one-year statute of limitations. T.C.A. § 28-3-104(a)(1). Plaintiff did not file his claims against Defendant Pickering until after the applicable statue of limitations had expired.

    A Plaintiff may amend his pleading and that pleading will be deemed to relate back to the date of the original pleading under certain circumstances. Fed. R. Civ. P. 15(c). Under Sixth Circuit law, where a complaint refers to "unknown police officers," an amendment to name those officers after the expiration of the statute of limitations does not relate back to date of the original filing. <u>Cox v. Treadway</u>, 75 F.3d 230, 240 (6th Cir. 1996)(citing <u>In re Kent Holland Die Cating & Plating, Inc.</u>, 928 F.2d 1448, 1449-50 (6th Cir. 1991)). Nor does such amendment satisfy the "mistaken identity" requirement of Rule 15(c)(3)(B). <u>Cox</u>, 75 F.3d at 240. Accordingly, Plaintiff's Amended Complaint does not relate back to the date of the

2

original Complaint and cannot save Plaintiff's claims against Defendant Pickering.  Defendant Pickering's Renewed Motion to Dismiss Pursuant to Rule 15 is hereby GRANTED.  Officer Pickering is DISMISSED from this action.

    So ORDERED this 31st day of January, 2006.


                                        /s/ Jon P. McCalla
                                        JON P. McCALLA
                                        UNITED STATES DISTRICT JUDGE